**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.:**

MATTHEW J. HOPPE,

      Plaintiff,

v.

HOLLYWOOD TOWERS CONDOMINIUM
ASSOCIATION, INC.,

      Defendant.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, MATTHEW J. HOPPE (hereinafter "Plaintiff"), by and through undersigned counsel, sues Defendant, HOLLYWOOD TOWERS CONDOMINIUM ASSOCIATION, INC. ("Defendant" or "HOLLYWOOD TOWERS"), for injunctive relief pursuant to 42 U.S.C. § 12181 *et seq*. (hereinafter "AMERICANS WITH DISABILITIES ACT" or "ADA") and the ADA Accessibility Guidelines 28 C.F.R. Part 36 (hereinafter "ADAAG"), and alleges:

## JURISDICTION AND VENUE

1. This is an action for declaratory and injunctive relief brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and § 1343.

2. Venue lies in this Court pursuant to 28 U.S.C. § 1391 and Rule 3.1 of the Local Rules of the United States District Court for the Southern District of Florida, in that the transaction or occurrence giving rise to this cause of action occurred in Broward County, Florida.

## THE PARTIES

3. At all times material hereto, Plaintiff, MATTHEW J. HOPPE, was and is over the age of 18 years, *sui juris*, and a resident of Broward County, Florida.

4.   At all times material hereto, Plaintiff has suffered from a qualified disability under the ADA; Plaintiff suffers from Cerebral Palsy, as a result of which Plaintiff must use an electric wheelchair to ambulate; Plaintiff has no mobility whatsoever outside of his electrified wheelchair.

5.   At all times material hereto, Defendant, HOLLYWOOD TOWERS, was and is a Florida Corporation, and the owner of that certain real property located at 3111 North Ocean Drive, Hollywood, Florida 33020 (the "Subject Property").

6.   The Subject Property has at all material times been operating as a place of public accommodation as that term is defined by the ADA; specifically, as a bar and restaurant known as Ocean's 13 Sports Bar and Grille.

7.   Prior to the institution of this litigation, Plaintiff has on multiple occasions visited the Subject Property for the purpose of purchasing food and beverages; however, Plaintiff's access to the Subject Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered to the public therein was restricted and/or limited because of his disabilities. In fact, Plaintiff is completely unable to access the Subject Property from any pedestrian or intended entry way because of his disabilities, and has instead been relegated to a dangerous and substandard non-conforming rear entry to enter the Subject Property, and once inside the property has been subjected to the ADA violations as set forth more fully below. Unless and until Defendant is compelled to remove the physical barriers to access and ADA violations present within and upon the property at issue in this case, Plaintiff will continue to be discriminated against.

## COUNT I:
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff reavers and re-alleges the allegations set forth in Paragraphs 1 through 7 above, as though fully set forth herein.

9. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

10. Congress specifically found, *inter alia*, that:[1]

   (i) Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

   (ii) Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

   (iii) Discrimination against individuals with disabilities persists in such critical areas of employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

   (iv) Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

---

[1] 42 U.S.C. § 12101(a)(1) – (3), (5), and (9).

(v)    The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

11. Congress explicitly set forth the purpose of the ADA; to wit:[2]

(i)    Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    Provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)    Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

12. The congressional legislation gave places of public accommodation a time period of up to one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[3]

13. The Subject Property is a public accommodation and a service establishment.

14. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA (the "ADAAG").[4]

---

[2] 42 U.S.C. § 12101(b)(1)(2) and (4).
[3] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).
[4] 29 C.F.R. Part 36.

15. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[5]

16. The Subject Property is legally required to be, ***but is not***, in compliance with the ADA and ADAAG.

17. Such non-compliance includes the following:

   (a) The stairs to the entrance of the subject facility act as a barrier at the path of travel into the subject facility in violation of ADAAG § 206.2.1.

   (b) There is no compliant means of egress or ingress whatsoever, at the front entrance to the facility, or otherwise, in violation of the ADA and ADAAG.

   (c) There are no compliant or safe ramp ways into the Subject Property, in violation of ADAAG § 303.4, nor is there any lift or other means of ingress and egress through the front of the Subject Property.

   (d) Hand rails on the stairs at the entrance to the Subject Property do not comply with ADAAG § 504.6, and the stairs themselves do not comply with ADAAG § 504.2.

   (e) The entrance doors at the front of the Subject Property have a raised change in level, but no ramp as required by ADAAG § 303.4, and as required by *inter alia* ADAAG § 303.4.

   (f) Floor and ground surfaces at the entrance door do not comply with 404.2.4.4 ADAAG § 402.4.4.4.

   (g) At least 5% of the dining surfaces provided for consumption of food or drink do not comply with ADAAG § 902 in violation of ADAAG § 226.

---

[5] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

(h) Clear floor space complying with ADAAG § 305 is not provided, and knee and toe clearance complying with ADAAG § 306 is not provided, in violation of ADAAG § 902.2.

(i) All of the exterior seating at the Subject Property exceeds the maximum height allowance for accessible seating, and 5% of the seating and the required amount of accessible seating is therefore not present in violation of ADAAG § 226, *et al*.

(j) In the bar area, the height of the entirety of the bar exceeds the maximum height allowance. Less than 5% of the bar surface space (and in fact, none of the bar) is accessible, in violation of ADAAG § 226.1 and ADAAG § 902.3.

(k) The restroom door opening lacks minimum width in violation of ADAAG § 404.2.3.

(l) Piping underneath the restroom lavatory is not insulated as required by ADAAG § 606.5.

(m) The paper towel dispenser in the men's room exceeds the maximum height level allowed pursuant to ADAAG § 601.6 and § 308.

(n) The mounted height of the mirror in the men's room exceeds the maximum height allowed pursuant to ADAAG § 603.3.

(o) Required minimum clearance is not provided around the restroom water closet in violation of ADAAG § 604.3.

(p) Grab bars are not provided on the rear inside walls of the water closet as required by ADAAG § 604.5.

(q) The restroom toilet paper dispenser is mounted at a non-compliant position in relation to the water closet in violation of ADAAG § 604.7.

18. Plaintiff has attempted to access the Subject Property on multiple occasions, but has been precluded from fully, properly, and equally accessing the Subject Property because of his

disabilities; specifically, Plaintiff was precluded by physical barriers to access, dangerous conditions, and ADA violations existing upon the Subject Property. These violations, which include but are not limited to those enumerated herein, prohibit Plaintiff and other disabled individuals from accessing the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

19. Plaintiff intends to visit the Subject Property again in the future (immediately upon Defendant's compliance with an Order of this Court requiring that Defendant remedy the subject ADA violations) in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Subject Property; however, in light of his disability, unless and until the Subject Property is brought into compliance with the ADA, Plaintiff will remain unable to fully, properly, and safely access the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

20. As a result of the foregoing, Defendant has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property. Defendant's discrimination is specifically prohibited by 42 U.S.C. § 12182, *et seq.*

21. Moreover, Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until it is compelled by this Court to remove all physical barriers upon the Subject Property which violate the ADA and ADAAG, including but not limited to those specifically set forth herein, and to make the Subject Property accessible to and usable by persons with disabilities, including Plaintiff.

22. Plaintiff is without adequate remedy at law, and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is

required to remove the physical barriers, dangerous conditions, and ADA violations that exist upon the Subject Property, including but not limited to those set forth herein.

23. This Court is vested with authority to grant injunctive relief sought by Plaintiff herein, including entry of an order requiring alteration and modification of the Subject Property so as to make readily accessible to and useable by individuals with disabilities to the extent required by ADA and ADAAG.

24. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay counsel reasonable attorney's fees, costs, and litigation expenses, all of which are recoverable from the Defendant.[6]

WHEREFORE for the foregoing reasons, Plaintiff, MATTHEW J. HOPPE, respectfully requests that this Court enter an order granting permanent injunctive relief, enjoining Defendant from continuing its discriminatory practices, ordering Defendant to remove the physical barriers to access and to alter the Subject Property so as to make it readily accessible to and useable by individuals with disabilities, and awarding Plaintiff all reasonable attorney's fees, litigation expenses, and costs.

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**
*Attorneys for Plaintiff*
Wells Fargo Tower - Suite 1500
One East Broward Blvd.
Ft. Lauderdale, Florida 33301
PH: (954)745-0588; FAX: (305) 397-1924

By:   */s/ Nolan K. Klein*
NOLAN K. KLEIN
Florida Bar No. 647977
klein@nklegal.com
nina@nklegal.com
amy@nklegal.com

---

[6] 42 U.S.C. §§ 12205, 12117.